Seward, J.
(orally).
The ease of Albert R. Bader against the Columbus, Buckeye Lake & Newark Traction Company is submitted to the court upon a motion for a new trial.
This is an action that was tried to a jury. The plaintiff brought an action alleging in substance that he was a passenger on one of the defendant’s ears in this city, and that the conductor unlawfully, forcibly, willfully, maliciously and insultingly and in the presence of a large number of people, refused to carry him upon its car, and ejected him therefrom, to his damage in the sum of three hundred dollars.
The case was submitted to a jury and the jury brought in a verdict of one cent damages.
The principal grounds of complaint are:
That the court erred in its charge to the jury;'and in refusing to give requests which were asked to be given on the part of the plaintiff to the action.
*496 One of the requests was that the jury had a right to take into consideration, in estimating the amount of damages, the injury to the arm of the plaintiff. There was no averment in the petition that he was injured in the arm, but rather that he was injured in his feelings. Iiis injured feelings were the matter in controversy. The court did not think that the question of the injury to his arm could lawfully be considered by the jury, because it was not charged to be part of his injury in the petition.
It is claimed on the part of plaintiff’s counsel that anything that would naturally result from the act of the defendant ejecting him from the car, was a proper matter for the consideration of the jury. If the injury to the arm would naturally result from his ejection from the car that would be true. But is that so? Would it naturally result that his arm would be injured in being ejected from the car? As the court announced during the trial of the case: Suppose his leg had been broken, and the petition did not charge that he was injured in that respect, but simply charged that he was wounded in his feelings, etc., the court does not think that that should be taken into consideration, and the court thinks that the charge was right in that regard.
Counsel for the plaintiff requested this charge to be given to the jury, and the court refused to give it:
“If the jury find that the defendant is liable to the plaintiff, the jury may allow as damages such sum as they may find reasonable to compensate the plaintiff for his attorney fees and such other expenses as he may incur in the prosecution of this action. ’ ’
Now, if this request to charge had gone somewhat further it might have been proper to have given it; but it did not go to the extent that I think the law demands that it should go to warrant the charge to the jury. Suppose that he were unlawfully ejected from the car (and that was one of the charges in this petition) and suppose there were no other charges; suppose the charge of malice was not contained in the petition, and that he was simply unlawfully ejected from the car. Would that necessarily include the right to counsel fees in the case without any malice being charged ?
Flory c& Flory and Robbins Hunter, for plaintiff.
J. R. Fitzgibbon and W. R. Pomerene, for defendant.
Tbe charge does not say: That if the jury find that the defendant is liable to the plaintiff, and he was maliciously ejected from the ear; but it says: ‘ ‘ That if the jury find that the defendant is liable to the plaintiff, the jury may allow as damages such sum as they find reasonable to compensate the plaintiff for his attorney fees and such other expenses as he may incur in the prosecution of this action.”
The court did not think that it was a proper charge to be given in this case, and therefore refused it.
This motion for a new trial may be overruled and exceptions.